IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MILTON A. WHITE,            )
                            )
    Plaintiff,              )
v.                          )   Civil Action No. 3:21-cv-233–HEH
                            )
C.T. WOODY, *et al.*,       )
                            )
    Defendants.             )

## MEMORANDUM OPINION
### (Dismissing 42 U.S.C. § 1983 Action With Prejudice)

Milton A. White, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] (Compl., ECF No. 14.) This matter is before the Court for evaluation pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). For the reasons set forth below, the action will be dismissed as legally frivolous.

### I. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i–ii). The first standard includes claims based upon "an indisputably meritless legal theory," or

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)), *aff'd*, 36 F.3d 1091 (4th Cir. 1994). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which is whether a complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915 (e)(2)(B)(ii).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (citation omitted). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.*

(citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his or her complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. WHITE'S ALLEGATIONS

Proceeding on his Particularized Complaint ("Complaint") (Compl. at 4), White alleges that:[2]

> On 11–12–16, . . . a warrant was made for my arrest. I turned myself into [the] Richmond City Jail on 11/14/16. My warrants w[ere] executed by Det./Officer A. Sleem for sheriff C.T. Woody. I was charged with B and E, use of a firearm, and maliciously discharging a firearm.

---

[2] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the spelling, spacing, punctuation, and capitalization and omits any emphasis or symbols in quotations from White's Complaint.

3

> At my bond hearing in Judge Cheeks's courtroom on 11/15/16, my bond was denied because the [Assistant] Commonwealth's [Attorney], Brooke Pettit, lied and told Judge Cheeks I shot the man 21 times.
> I had all charges dropped on 11/19/16 and was still held by the jail. On Nov. 30, 2016, I was indicted on aggravated malicious wounding, use of [a] firearm, feloniously and maliciously wounding, and attempt[ed] murder. On 1/11/17, I was indicted for B and E, use of [a] firearm, break[ing] and entering at night, [and] shooting into an occupied dwelling.
> On 6/13/17, my attorney, Stephan Hewlett, came and asked me if I had a preliminary hearing. I inform[ed] him "I had not." When he looked into it, he found out my rights was violated. When I asked him what can I do, he stated he can't do nothing, and I need to find a civil rights attorney, because the charges were dropped/dismissed on 11/19/16 against me, yet I was still imprisoned, without being charged with any crime for more than two (2) weeks. This constitutes false imprisonment. I was deprived of my basic liberty rights.

(Compl. at 4 (paragraph breaks added).) White seeks monetary damages and "[a]ny other relief this Court deems just." (*Id.* at 5.)

## III. ANALYSIS

It is both unnecessary and inappropriate to engage in an extended discussion of White's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress' vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))). Although White's Complaint has many legal infirmities,[3] it ultimately will be dismissed as legally frivolous because all of White's claims fall well outside the applicable statute of limitations for 42 U.S.C. § 1983 actions.

---

[3] For example, in addition to being untimely, White's claim against Defendant Pettit is also obviously barred by the doctrine of prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

4

Because no explicit statute of limitations for 42 U.S.C. § 1983 actions exists, federal courts borrow the personal injury statute of limitations from the relevant state. *See Nasim v. Warden*, 64 F.3d 951, 955 (4th Cir. 1995) (citing *Wilson v. Garcia*, 471 U.S. 261, 266–69 (1985)). Virginia applies a two–year statute of limitations to personal injury claims. *See* Va. Code Ann. § 8.01–243(A) (West 2022). Thus, White was required to file his Complaint within two years from when the underlying claims accrued.

When a 42 U.S.C. § 1983 claim accrues is dictated by federal law. *See Nasim*, 64 F.3d at 955. "A claim accrues when the plaintiff becomes aware of his or her injury, *United States v. Kubrick*, 444 U.S. 111, 123 (1979), or when he or she 'is put on notice . . . to make reasonable inquiry' as to whether a claim exists." *Almond v. Sisk*, No. 3:08CV138, 2009 WL 2424084, at *4 (E.D. Va. Aug. 6, 2009) (omission in original) (quoting *Nasim*, 64 F.3d at 955), *aff'd*, 372 F. App'x 432 (2010). Further, in order to dismiss a 42 U.S.C. § 1983 action because the applicable statute of limitations has expired, "the court must find that the expiration of the statute of limitations is clear on the face of the complaint." *In re Davis*, Nos. 4:11CV11, 4:11CV12, 4:11CV13, 4:11CV14, 4:11CV15, 4:11CV16, 4:11CV17, 4:11CV18, 4:11CV19, 4:11CV 20, 2011 WL 9669470, at *2 (E.D. Va. Jan. 26, 2011) (citation omitted), *aff'd sub nom. Davis v. Wilkinson*, 443 F. App'x 812 (4th Cir. 2011).

It is clear from the face of his Complaint that the events underlying White's claims occurred more than two years before this action was brought. (*See* Compl. at 4.) Further, White's own allegations establish that he had actual and contemporaneous knowledge of said events as they were happening. (*Id.*) For example, White makes clear that he was

5

aware of the statements made by Defendant Pettit at his bond hearing at the time that she made them, on November 15, 2016. (*Id.*) Similarly, the Complaint demonstrates that White had actual and contemporaneous knowledge of the fact that the charges against him were dropped on November 19, 2016, yet he nevertheless remained held in jail until he was indicted on November 30, 2016. (*Id.*)

Consequently, White's claims accrued no later than November 2016. This means that White had until November 2018 to file this action. However, White did not initiate this action until April 7, 2021, which was almost two-and-a-half years after the expiration of the applicable Virginia statute of limitations. *See* Va. Code Ann. § 8.01–243(A) (West 2022). Therefore, White's Complaint is untimely on its face, and his § 1983 action is frivolous. *See Nasim*, 64 F.3d at 956 (holding that the district court did not err in dismissing as frivolous an inmate's complaint alleging that asbestos in his cell caused him physical and psychological injuries when the action was filed four years after it accrued and a year after the applicable statute of limitations expired).[4] Accordingly, White's claims will be dismissed as legally frivolous.

## IV. CONCLUSION

For the foregoing reasons, White's claims will be dismissed with prejudice as they are legally frivolous. The action will be dismissed with prejudice. (ECF No. 14.) The

---

[4] In contrast to accrual, whether a 42 U.S.C. § 1983 claim is tolled is a matter of state law. *See Bd. of Regents v. Tomanio*, 446 U.S. 478, 486 (1980). However, White does not allege and the Court finds no grounds for tolling the applicable Virginia statute of limitations. *See* Va. Code Ann. § 8.01–229 (West 2022); *Anderson v. Humphres*, No. 1:06CV653 LMB/BRP, 2006 WL 6198680, at *1 (E.D. Va. Dec. 4, 2006).

6

Clerk will be directed to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Oct 25, 2022
Richmond, Virginia

7